IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ENID GRUBB,

      Plaintiff,

vs.                                                                                                                                           No. CIV 06-1260 JB/DJS

DIRK KEMPTHORNE, Secretary,
U.S. DEPARTMENT OF THE INTERIOR,
BUREAU OF LAND MANAGEMENT,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Hannah B. Best's Opposed Motion to Withdraw, filed January 13, 2009 (Doc. 58)("Motion"). The Court held a hearing on February 24, 2009. The primary issue is whether the Court should allow Hannah B. Best, Plaintiff Enid Grubb's attorney, to withdraw her representation of Grubb. Because the Court believes withdrawal is proper at this time, and because Grubb has not demonstrated any persuasive reason why the Court should deny the Motion, the Court will grant the Motion.

## PROCEDURAL BACKGROUND

Ms. Best seeks to withdraw as counsel to Grubb. See Motion at 1. In her Motion, Ms. Best states that the "attorney-client relationship between plaintiff and attorney has broken down." Id. Ms. Best provided further explanation for her reasons for filing the Motion, but the content of that discussion is sealed to preserve the confidentiality of communications between Ms. Best and her client, and of matters relating to the attorney-client relationship.

Grubb objects to Ms. Best's withdrawal from the case and states that she requests that the Court deny the Motion "until such time as the District Court accepts the terms agreed to in the

written September 22, 2008 settlement agreement and dismisses this case.  At that time, Plaintiff will happily dismiss Ms. Best from her obligations as Plaintiff's attorney."  Objection to Opposed Motion to Withdraw at 3, filed January 22, 2009 (Doc. 60)("Objection").  Grubb also argues that she had not been successful in attempting to locate new counsel that is familiar with and competent in federal-employment law.  See id. at 2.

The Defendant filed a Response taking no position with regard to the Motion.  See Defendant's Response to Plaintiff's Counsel's Opposed Motion to Withdraw at 1, filed January 28, 2009 (Doc. 61)("Response").  The Defendant notes that Grubb attached to her Objection a proposed settlement agreement which she maintains accurately reflects the intent and substance of the written agreement to which the parties consented at the settlement conference held on September 22, 2008.  See Response at 1-2.  The Defendant asserts that the exhibit is substantially different from the one that the Defendants prepared and forwarded to Ms. Best for approval.  See id.  Thus, the Defendant does not concur that the exhibit correctly reflects what Grubb represents it to be.

Although Grubb has proper notice, she did not appear for the hearing.  The Court tried to call her so that she could participate by telephone, but was unable to reach her.

## ANALYSIS

The Court believes that it is appropriate to permit Ms. Best to withdraw as Grubb's counsel in this case.  Ms. Best has adequately demonstrated that the attorney-client relationship has broken down.  Grubb, on the other hand, has not shown a good reason for the Court to prohibit Ms. Best from withdrawing as counsel at this time.  Grubb's Objection was largely dedicated to a narrative of the process leading up to the current dispute about the settlement agreement.  Liberally construing Grubb's Objection, the Court believes Grubb is arguing that she would be prejudiced if Ms. Best were allowed to withdraw at this time.  In her Objection, however, she does not adequately establish

why she would be prejudiced. She also makes no attempt to refute the contention that the attorney-client relationship has broken down.

Although the Court held a hearing on the Motion, Grubb did not show up. Grubb received notice of the hearing, and the Court attempted to call Grubb to give her the opportunity to participate in the hearing by phone. See Transcript of Hearing at 3:3-8 (taken February 24, 2009)("Tr.") (Court). The Court, however, was unable to reach her. See id. The Court therefore proceeded with the hearing.

In light of the fact that the attorney-client relationship has broken down, the Court will grant the Motion. The Court believes, however, that it is necessary to take some steps to protect Grubb's interests, given that this litigation is ongoing. To protect Grubb, the Court will allow Grubb thirty days from the date of the February 24, 2009 hearing to retain new counsel. If Grubb retains new counsel within thirty days, new counsel will need to respond to the pending Defendant's Motion to Enforce Settlement and Memorandum in Support, filed February 23, 2009 (Doc. 63), within fourteen days the new attorney's entry of appearance. If, after thirty days, Grubb has not obtained new counsel, Grubb will have fourteen more days to file a response to the pending motion to enforce. Grubb must file a response, whether with or without counsel, no later than forty-four days from February 24, 2009.

**IT IS ORDERED** that Hannah B. Best's Opposed Motion to Withdraw is granted. The Court will allow Grubb thirty days to obtain new counsel. If, at the end of the thirty days, Grubb has not been able to obtain counsel, she will have fourteen days to file a response to the Defendant's Motion th Enforce Settlement.

_____
UNITED STATES DISTRICT JUDGE

*Parties Counsel*:

Enid Grubb
Farmington, New Mexico

    *Plaintiff pro se*

Hannah B. Best
Albuquerque, New Mexico

    *Former Attorney for the Plaintiff*

Michael H. Hoses
Phyllis A. Dow
United States Attorney's Office
District of New Mexico
Albuquerque, New Mexico

    *Attorney for the Defendants*